**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ADRIANUS SOLEMAN RIWUHIDA, | No. 08-71984 |
| Petitioner, | Agency No. A078-020-171 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Adrianus Soleman Riwuhida, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Riwuhida does not raise any challenge to the agency's dispositive finding that his asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's conclusion that the incidents of mistreatment Riwuhida and his family suffered did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment due to petitioner's religious beliefs did not compel finding of past persecution). Further, the record does not compel the conclusion that Riwuhida established a pattern or practice of persecution of Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. However, when the agency declined to apply disfavored group analysis to Riwuhida's withholding of removal claim, it did not have the benefit of our intervening decisions in *Wakkary* and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Accordingly, we remand

for the BIA to assess this claim under disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Finally, substantial evidence supports the agency's denial of CAT relief because Riwuhida failed to establish it is more likely than not that he would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, we deny the petition as to Riwuhida's CAT claim.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**